Mr. Wesson. Thank you. May it please the court. My name is Eric Wesson and I rise today representing Governor Kim Reynolds and Director Ann Lebo. Ultimately, this court got it right. On its panel rehearing opinion, this court assessed the underlying preliminary injunction and the narrow injunction imposed by the panel and found that both were moot. In so doing, it relied primarily on two observations. First, the circumstances had largely changed in the time when the suit was initially filed. Second, this panel or this court read the law itself. In reading the law, it found that mask mandates were generally prohibited, but they were not prohibited when they were otherwise required by any provision of law. Isn't that, and forgive me, I'm the new guy to this party, isn't that really what the district court found in its declaration two? I'll ask you just for a minute to set aside the exhaustion and the standing and just the merits of the two paragraphs of the declaratory judgment. And maybe I'm looking at this wrong because I'm just here, but the paragraph four is a clean, accurate statement of the law, is it not? Paragraph four is a clear, accurate statement of the law, but that statement isn't necessary because a reasonable person reading the law would see that paragraph four would be allowed. If there's a requirement. So how do we review that? We say the district court didn't get it wrong, but it didn't have to say what it said. That strikes me as kind of an initial why are we here sort of argument or question in my mind. If the declaration is not incorrect, it just states the law. There are two issues. First is with paragraph four. If paragraph four were the only part of the declaratory judgment in operation, there'd be no substantial controversy between the parties with adverse legal interests. So four is okay in the governor's mind. Is it paragraph five that's really problematic? Paragraph five explains that Iowa Code section 280.31 cannot be cited as the only basis to deny a student's request for a masking accommodation. Now, why isn't that just a restatement of a supremacy clause? Because there's no conflict between federal law and state law. If state law requires masking as the only reasonable accommodation that could allow a student to safely attend school, then that is not prohibited by section 280.31. The problem with paragraph five is that it almost reverses the impact of the law and the effect of the law. The law is meant to generally prohibit mask mandates unless they're the only way that one could comply with federal law. So if it's required by federal law for there to be a mask mandate under the ADA or the Rehabilitation Act or the IDEA or any other section of federal or state law, the school is free to follow the law. And in fact, it must. But if there is no conflict and there are, for example, multiple reasonable accommodations. But I'm trying to figure out a situation where this would be problematic for you. If it may help the court, I think it might be helpful to look at page 49 of the appellee's brief. They explain that if there are multiple reasonable accommodations available, that a school may choose a non-masking accommodation. That is the reverse of what the law should require, which is that if there are multiple reasonable accommodations available that would allow a student to attend school, they must choose the non-masking requirement in order to comply with both federal and state law, here, section 280.31. That is the key distinction and that is the reason why we are here on appeal today. Because ultimately, the policy decision made by the legislature and the governor is that mask mandates should be generally prohibited. And in the rare event that it may actually be required in order to allow a student to safely attend school, and that is the reasonable modification that is required by law because there are no alternatives, nothing in the state law prevents that modification from being applied. So what would a proper paragraph 5 look like? I know you don't agree that there should have been a declaration, that it wasn't requested, that there was no exhaustion, but what is a proper statement of the law? Maybe you just gave it to me. I think a proper statement of the law would be that if the only accommodation that could comply with federal law is a masking requirement, then nothing in state law prohibits such a requirement. Part of the understanding of that, and this goes back to the exhaustion issue and why this should have been exhausted, is if any student has an impediment that allows them from accessing a free appropriate public education, there are administrative experts that should look at the different options available in order to determine what the best path forward is under both state law and federal law. To the extent that there are contrived conflicts between federal and state law, or I guess I should say there cannot be a conflict between state and federal law. If the only way a student can attend school is with some kind of masking imposed and that that masking is required by the ADA or the Rehabilitation Act, this court got it right in its panel re-hearing opinion. Nothing in section 280.31 prohibits that kind of accommodation from allowing a student to go to school. One example that might be illustrative is out of the three active plaintiffs in this case, some are themselves incapable of wearing a mask for various reasons. If two of those plaintiffs were to be in the same classroom and there was some kind of masking mandate that was required, the other student would also have to seek relief through an IEP in that having an individualized process by which each student is able to seek the accommodation that best allows them to access the free appropriate public education is exactly the framework contemplated by Congress and contemplated by the Supreme Court in Frye when recommending that students go and they seek individualized relief in order to ensure that they can safely access the schools. To the extent that this court found in May 2022 that the situation had changed sufficiently to render the underlying facial relief against the whole statute moot, nothing has changed to make that less true now in January 2024. The two observations that this court made, first, the changed circumstances dramatically curtailed the potential risk to the students in attending their schools and the even further attenuated risk that complications would come from COVID-19 remain true. The second observation that this court made, that the savings clause in section 280.31 that allows for reasonable accommodations under federal law, including the ADA and the Rehabilitation Act, also remains true. On remand, the district court entered a declaratory judgment that requires schools to consider masking even when there are other opportunities available. Indeed, it says that schools may not decide not to impose a masking accommodation when that accommodation, if the only reason they would do so is because of section 280.31. The better way to read the law is to find that schools should try first to comply with both state law and federal law when a masking accommodation is requested, and to the extent that masking is the only reasonable accommodation that could allow the students to access their free, appropriate public education, in that instance, it should impose whatever narrow masking is required by the federal law, and that does not conflict with the state law. Beyond the mootness issue, there are three other issues that this court may address. Let me ask you about the record. Isn't that what's happening subsequent to the court's declaratory judgment? I think it's in the briefs that two school districts at least have imposed some modified masking requirements. Yes, Your Honor, but the question is not necessarily whether that was due to the declaratory judgment, because it is the state's perspective that this court's panel opinion, laying out clearly that any other provision of law includes federal law, which is the same way a reasonable person reading the text of the statute would come to that conclusion, could lead to the same result. And so even without the declaratory judgment, to the extent that those two schools believe that the only accommodation that would allow those students to attend school safely is masking, nothing in the statute prohibits that. To move quickly to exhaustion, under the Nelson case and the JM case, this court warned about using the proper level of abstraction in determining whether Fry's hypotheticals were answered. Most helpful, the ET1 case laid out the proper level of abstraction for determining whether a mask mandate is one that leads to a free appropriate public education. Well, do you think a teacher in a school could bring an ADA or an RA claim based on a request for masking? I think the question to ask is whether this is a case involving a deprivation of access to in-person education. And no, I don't think a teacher could bring a claim seeking to resolve the deprivation of access to an in-person, state-provided education. Well, how about access to a school? Access to a school... And employment. And employment. Well, access to a school and employment is not the claim that these students are bringing. But moreover, the Nelson case and the JM case both warn about using too high a level of abstraction in trying to determine the right being asserted. I see that my time for rebuttal is here, so I will reserve my time. Thank you. I do have just one brief question about standing. And, you know, the recent Sixth Circuit case that discusses it, and I've got to tell you I'm terrible with case names, I don't remember it, it seems quite persuasive. What are your thoughts on standing at this point? I think the RKV Lee case is very persuasive, and I think that the logic in that case is following almost the same line of argument. To the extent that this Court agrees with those two published circuit opinions, the state defendants also agree. Thank you. Thank you. You may reserve. Mr. Mearski. May it please the Court. Sean Mearski for our appellees. Consistent with this Court's previous decision, the District Court established two things in its declaratory judgment. First, that Section 280.31 does not conflict with federal law. And second, that Section 280.31, therefore, may allow for masking as a reasonable accommodation under certain circumstances. We already found the first one, didn't we, in a previous opinion? That is correct, Your Honor. One of the things is, what's the point? I think there's two lingering disagreements between the parties, at least based on the state's presentation here today. The first is that the state claims that the District Court's declaratory judgment precludes a school from choosing a non-masking reasonable accommodation when presented the choice between two equally effective reasonable accommodations. And just to clarify, we don't read the District Court's declaratory judgment as actually saying that. We don't read Paragraph 5 as having anything to do with that. The District Court was quite clear that Section 280.31 can be considered as a factor whether an accommodation is reasonable. But the District Court never talked about what would happen in a circumstance in which school concluded that masking was a reasonable accommodation, but that there may be an alternative reasonable accommodation that was equally effective. And so, simply put, we don't understand why the state is appealing, given that the District Court simply just never answered that question. Well, how do you read the only basis language in response to what you just said? Well, the only basis language goes to the question of whether masking is a reasonable accommodation in the first place. And that's exactly what the District Court talked about at pages 22 and 23 of its decision. The point is, again, I think simply a reformulation of the Supremacy Clause. If one of our plaintiffs goes to a school and asks for masking as a reasonable accommodation, the school can't say solely on the basis of Section 280.31, no, sorry, we can't allow that. Well, could the school say, based on the evidence we've seen about the efficacy of masking, it's not a reasonable accommodation? Absolutely. I mean, that's going to be a case-by-case individualized determination, and it's fact intensive. But absolutely. I mean, that's all we're asking for here, right? I mean, we're not asking this Court to say anything about whether masking is always a reasonable accommodation or that it should be imposed in any school. We're simply saying that schools should have the right to make these individualized case-by-case determinations, depending not only on the particulars of individual plaintiffs, but also on the circumstances of how COVID-19 has evolved. You phrase that as the schools having the right, and they're not appealing, right? That's correct, Your Honor. So are you phrasing the right correctly to say the schools have the right? Well, we are, because the problem here is that the state is currently preventing them from exercising that right in a way that then injures us. How is that prevention occurring? Or is it just confusion about what the declaration means, what this panel, you know, panels of this Court have done? What is actually preventing them from doing what you and I just discussed? Yeah, and so this goes to the second point, what I think is the remaining disagreement between the parties that is actually the live case or controversy before this panel. The state has previously taken the position that schools can categorically never allow masking because it is never going to be a reasonable accommodation under federal disability law. We think that's obviously incorrect. There are easily circumstances in which a very narrow masking requirement may be required. One of our plaintiffs, for instance- Do they take that position in the briefs on this case? I seem to recall that they said that there could be limited masking that is a reasonable accommodation. Yeah, and I was just going to get to that because I think that's part of the problem. So the state does in fact say at various pages in its brief that masking might be a reasonable accommodation. And so if all this Court does is affirm the declaratory judgment below while clarifying that those concessions are in fact accurate, then we're perfectly happy with that. I think that could be a very narrow opinion that this Court could write, and from our perspective there would be no problem with that. Our issue is that in other portions of its brief, the state says the exact opposite. I think the state is essentially talking out of both sides of its mouth. So on page 47, for instance, the state explicitly says that masking may be a reasonable accommodation under some circumstances. Again, 47 of the opening brief. Yes, Your Honor. It ends at 43 on the bottom of the page. Are you doing PDF pages or something? Tell me if I don't have the right brief, too. You might not have the right brief because it's page 47 at the bottom as well. This is the appellant's opening brief, not the reply. Okay. Proceed. I don't get it. I can read it out very briefly. The state says that Section 280.31 does not preclude plaintiffs seeking other reasonable modifications. Those conclude even limited masking of teachers or students while interacting closely with the individual. And again, to the extent that that is the state's position, then I think at this point there's no disagreement and that position is... Is this the heading that that's under? Because I'm looking at the opening brief and the certificates end at page 45. And the attorney's signature appears at page 44 and the last substantive word and the conclusion's on page 43. And so if we're looking at the wrong brief, we are all looking at the wrong brief. So perhaps there's something that we're... Yeah, I'm looking at the brief that was filed on March 1st, 2023. Is that consistent with the brief you're looking at? We have a March 3rd, 2023. We have a March 3rd file stamp on ours for what it's worth. I am candidly not sure why we are looking at two different briefs. But tell us the heading. Tell us the heading. Yeah, well, so the heading is, this would be under, it's part three of their brief. I think they've misnumbered the headings, but it would be D, a universal mask mandate is not a reasonable accommodation. It starts at page 43 on ours, but the paragraph in question starts with the sentence section 280.31, does not preclude plaintiffs seeking... You say D as in dog? D as in dog. D as in dog. It may have been renumbered in the later brief. I'm not entirely sure. Okay, now how far is it from that heading? It's actually the second to last paragraph before the next heading. Before E. Before E, that's correct. As in echo, okay? Correct. And I apologize for the confusion, Your Honor. I'm not entirely sure why the brief I'm looking at is... The individual would be at page 36 and 37 on this brief, is that it? That is possible. I don't have... What are the first words of the paragraph? Section 280.31 does not preclude plaintiffs... It's on page 40 of our brief, I swear. 40? Okay. All right. I will defer to your briefing in that case. So on that, if you look down at the third sentence, the state explicitly says that one of those reasonable accommodations could be limited masking of teachers or students while interacting closely with the individual. That tracks the declaratory judgment of the district court below almost exactly. And since to the extent that is the state's position, again, we think this is just a simple but narrow affirmance. The problem is that in other portions of the state's brief, and I hesitate to cite any page numbers, the state actually says the exact opposite. So does it say that about selective masking or universal masking? So for the most part, the state's a little bit cagey because it uses the word mandate without really explaining it. There are portions of the brief where it says specifically that for instance at page... I apologize, your honor. So in the opening brief, it's not going to be page 34, but in ours, it is page 34 saying in which the state says that partial mask mandates impose significant administrative burdens and infringe on the rights of other students. In the context where it makes clear that the state thinks that even a partial mandate wouldn't be appropriate. Now I don't mean to state the state's position for it. If the state on rebuttal wants to come up and clarify that it does believe in the context of an individualized case by case determination, a school can grant limited masking under appropriate circumstances, that's all we think that the... So is it, if we assume for the sake of argument that the state's issue is with these kind of blanket mask mandates that were ordered in the wake of the TRO, I think, or the preliminary injunction, is it permissible for the state law to say, look, universal masking has to be an absolute last option under the ADA or the RA? Is that permissible? No, your honor. And I wanted to clarify that because it, I think, goes to the heart of what General Wesson was saying is the sort of alternative language in the place of paragraph five. So the reason that would be a problem is because that would distort the federal standard for bringing one of these claims. Under federal law, all a plaintiff has to do is show that the required relief is a reasonable accommodation. But if there are a range of reasonable accommodations, why can't the state policy say, look, in the state of Iowa, this is going to be one of last resort. I mean, if the accommodation is reasonable and it's not masking or universal masking, that satisfies the ADA or the RA. Why can't a state do that? Yeah. So I think, and I want to be careful with my phrasing here because the phrasing really matters. I don't think it's a plaintiff's burden to show anything other than the requested relief is a reasonable accommodation. But to the accommodations, including ones that it can devise on its own or consider, if it wants to choose another non-masking accommodation that is equally effective, then we would have absolutely no issue with that. Because I think, I mean, looking at the reality of the ground, I'm speculating a bit. The state is saying school boards were making mistakes, not necessarily criticizing individual plaintiffs. And that's what makes, for me, coming in at the last minute, this litigation so odd. The school boards aren't here. Right. Right. Well, in part because I think the school boards share our understanding of what Section 280.31 permits and doesn't permit. No evidence of that in the record, right? Well, they've chosen not to appeal the declaratory judgment. Yeah, but that can be for many reasons. If you've sat all night with school boards, not liking the lawyers, not wanting to spend the money. Address standing, though, more directly. Yes, Your Honor. Address standing in this case as of today. Right, Your Honor. So the first point is, under Supreme Court precedent, standing is assessed as of the moment that the lawsuit was brought. I'm happy to discuss standing today, but I just want to sort of, as a doctrinal matter, it is going to be considered at the time. It must be kept at all stages of litigation, doesn't it? It's more, I think, that moodiness would be the issue at this point. Oh, okay. Right. Call it what you want. Go ahead. Right. And so I think the State has made the argument that the circumstances have changed, and of course, the panel recognized that in its previous decision. We don't disagree with that. I think below, however, we did enter undisputed declarations that show that for at least three plaintiffs, they are still seeking these accommodations and that they are still getting them because of the State's categorical reading of 280.31. And those declarations establish both that these particular plaintiffs are at a higher risk for getting COVID and that they are at a much higher risk for severe complications. What categorical reading? They're at risk because of what category? Well, this goes back to what I was saying earlier, Your Honor, about the State saying that categorically, masking will never be a reasonable accommodation. To the extent the State's willing to concede that that's not, in fact, their position and that school districts can do case-by-case, individualized determinations, then, as I said, we actually don't have a disagreement with that. So, the problem is, though, that the school districts, I think, are still under the, they still understand the State to be making a categorical determination that masking is never going to be allowed. Which is why it might be nice to have them here. Well, but, I mean, I can discuss traceability and redressability if that would be helpful, but I guess the point that I want to make is that the State previously stated that if a school district ever gave masking as a reasonable accommodation, that the State would pull the funding and the accreditation of the school. And so you can imagine, from the perspective of an officer in that school who's deciding one of these reasonable accommodation cases, that's a terrifying threat, right? I mean, they can't do the individualized determination in the face of that threat. Now, again, parts of the State's brief seem to concede that they are not, they're withdrawing that threat, they have no problem with school districts making case-by-case determinations. And I hope that when my friend comes up here, he says, yes, we have no problem with that. In which case, again, we think that's exactly what the district court said, and there's really not any issue with just simply affirming. I do, if I briefly want to address the redressability point, though, certainly it's true that in cases where there are third parties, plaintiffs do have a slightly different burden when it comes to establishing things like traceability and redressability. And the difficulty can be, there needs to be speculation about what the third party would do in response, and that's what creates problems. Here, we don't need to speculate, we don't even need to really worry about whether it's likely that school districts are going to act in a way, because we have two years of consistent practice of school districts moving exactly in tune with what the courts are doing, and the way that the courts are interpreting Section 280.31. When Section 280.31 was passed, and the State started making its threats about pulling funding and accreditation, school districts went from having masking requirements covering a majority of the State's students to zero. The second that the district court entered its preliminary injunction, more than a third of students in school districts regained some sort of masking requirement. Twenty-four school districts, including eight of the ten that are specifically being sued in this case, restored some sort of masking requirement. When this court vacated the preliminary injunction, over the course of the next several months and the end of that school year, every single school district subsequently withdrew its masking requirement. And then at this point, when we asked for a declaratory judgment, we had three plaintiffs who were asking for masking as a reasonable accommodation. The second that the district court granted that declaratory relief, two of those three school districts granted masking as a reasonable accommodation. And so whatever issues there might be with redressability and traceability in other cases, including, for instance, E.T., which is the case that my friend relies on, it's always going to be a particularized, fact-specific circumstance, and there's simply no doubt that here we've met the burden. It's not simply likely that give us the relief we want. They have, in fact, done so. And so I think that makes the standing question relatively easy in this case. I want to just finish again by sort of emphasizing the point. Plaintiffs don't have the burden under the ADA and the Rehabilitation Act and should not have the burden to show that masking is the only reasonable accommodation. But if they show that masking is a reasonable accommodation and a school under Section 280.31 wants to say that another accommodation is equally effective, we have no problem with them choosing the non-masking alternative. The only thing we're concerned about is that school districts should be able to make that individualized case-by-case determination and that masking is not categorically off the table as a possible accommodation. Thank you, Your Honors. Thank you for the argument. Mr. West. Thank you, Your Honor. Nothing in Section 280.31 precludes relief under the ADA or Rehabilitation Act if that is required by those laws. The Savings Clause of Section 280.31 allows schools to give the individualized relief that a student needs. If those laws require masking, and that is the only reasonable accommodation that would allow a student to safely attend school, then nothing in the statute precludes them from getting that relief. That being said, this Court need not reach any of these issues for many of the same reasons that it found in May 2022 that the situation had changed and that the underlying case had become moot. So too is that true today. My friend on the other side made much of the fact that the schools seemingly ping-ponged between imposing mask mandates and not in response to this Court's orders. Simultaneous with the expression of time over that period is that the overall prevalence of mask mandates across the country has decreased dramatically because the COVID-19 crisis such as it was, the emergency, is over. And so many schools today, even though there is a declaratory judgment saying that masking may be one of the reasonable accommodations granted, don't impose mask mandates. This is not the same situation as what followed after the preliminary injunction was initially entered by the District Court. My friend on the other side made much of the difference in standing here and noted that after the declaratory judgment, two of the schools granted the requested relief. But that goes to the heart of what the state defendants are asserting here. What these students should do is go into the IEP process and seek to modify their their free appropriate public education. If after they exhaust that process, they believe that they are not being extended the rights to which they are entitled, that is the right time to sue. And at that point, those individuals can seek the relief that they are looking for. I'd also just quickly like to note, because it was made much of in the briefs, about the Sturgis against Perez case. In that case, the Supreme Court found that one need not exhaust if the relief being sought was not available under the IDEA. In that case, the question concerned compensatory damages. Here, the declaratory relief is far closer to the forward-looking equitable relief mentioned in Sturgis itself that it believed still would require exhaustion under the IDEA. So to the Sturgis, it should do so in a manner consistent with that opinion itself, and that would not preclude exhaustion. There is no traceability or addressability here. The declaratory judgment is too attenuated, and therefore, this court should vacate and render below. Thank you. Thank you. Thank counsel for the argument. Case number 22-3338 is submitted for decision to the court.